# COMPOSITE EXHIBIT A



# MIAMI-DADE COUNTY CLERK OF THE COURTS
## HARVEY RUVIN

**Contact Us**    **My Account**    

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

◀◀ BACK

Not all search results will be displayed on-line. For example, the following case types (Sealed, Juvenile, Adoption and Mental Health Cases) may or may not be in existence and may or may not be viewable by the public pursuant to Florida Supreme Court Mandate and the corresponding Access Security Matrix.

### YULANDER MCTIER VS PACESETTER CLAIMS SERVICE, INC.

| | | | |
|---|---|---|---|
| Local Case Number: | 2021-022263-CA-01 | Filing Date: | 09/30/2021 |
| State Case Number: | 132021CA022263000001 | Judicial Section: | CA24 |
| Consolidated Case No.: | N/A | Case Type: | Discrimination - Employment or Other |
| Case Status: | OPEN | | |

### 👥 Parties                                                          Total Of Parties: 2 ▬

| Party Description | Party Name | Attorney Information | Other Attorney(S) |
|---|---|---|---|
| Plaintiff | McTier, Yulander | B#:  (Bar Number)165580 N:  (Attorney Name)Jason S Remer | B#:  (Bar Number)121247 N:  (Attorney Name)Hunt, Daniel H |
| Defendant | Pacesetter Claims Service, Inc. | | |

### 🔨 Hearing Details                                                 Total Of Hearings: 0 ▬

| Hearing Date | Hearing Time | Hearing Code | Description | Hearing Location |
|---|---|---|---|---|

### 🖹 Dockets                                                          Total Of Dockets: 9 ▬

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 🗎 | 8 | 10/18/2021 | | Notice of Appearance | Event | |
| 🗎 | 7 | 10/18/2021 | | Affidavit of Service | Event | |
| | 6 | 10/05/2021 | | Receipt: | Event | **RECEIPT#:3040053 AMT PAID:$10.00 NAME:JASON S REMER 44 W FLAGLER ST STE 2200 MIAMI FL 33130-6807 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:E-FILING ACH TENDER AMT:$10.00 RECEIPT DATE:10/05/2021 REGISTER#:304 CASHIER:EFILINGUSER** |
| | | 10/04/2021 | | 20 Day Summons Issued | Service | |
| 🗎 | 5 | 10/04/2021 | | ESummons 20 Day Issued | Event | **RE: INDEX # 4.** Parties: Pacesetter Claims Service Inc. |

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | 3 | 10/01/2021 | | Receipt: | Event | RECEIPT#:2970219 AMT PAID:$401.00 NAME:JASON S REMER 44 W FLAGLER ST STE 2200 MIAMI FL 33130-6807 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:E-FILING ACH TENDER AMT:$401.00 RECEIPT DATE:10/01/2021 REGISTER#:297 CASHIER:EFILINGUSER |
| | 4 | 09/30/2021 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| | 2 | 09/30/2021 | | Complaint | Event | |
| | 1 | 09/30/2021 | | Civil Cover Sheet - Claim Amount | Event | |

◀◀ BACK

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer.

## General

Online Case Home

Civil / Family Courts Information

Login

## Help and Support

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us

About Us



## HARVEY RUVIN

Miami-Dade County
Clerk of the Courts

73 W. Flagler Street



OCS Search

Miami, Florida 33130

305-275-1155

©2021 Clerk of the Courts. All rights reserved.



**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>  COUNTY, FLORIDA

<u>Yulander McTier</u>
Plaintiff                                                        Case # _____
                                                                    Judge  _____

vs.
<u>Pacesetter Claims Service, Inc.</u>
 Defendant

### II.    AMOUNT OF CLAIM
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

☐ Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☒ Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☒ Discrimination—employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   <u>4</u>

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Jason S Remer</u>        Fla. Bar # <u>165580</u>
       Attorney or party               (Bar # if attorney)

<u>Jason S Remer</u>          <u>09/30/2021</u>
 (type or print name)          Date

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

YULANDER MCTIER,

      Plaintiff,

vs.                            Case No.:

PACESETTER CLAIMS SERVICE INC.,
a Foreign Profit Corporation,

      Defendant.

_____/

## **COMPLAINT**

Plaintiff, YULANDER MCTIER ("Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, PACESETTER CLAIMS SERVICE INC. ("Defendant"), and alleges as follows:

1. This is an action for declaratory and injunctive relief and damages pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA") to redress injuries resulting from Defendant's unlawful race- and age-based discriminatory treatment of, and retaliation against, Plaintiff.

2. At all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida.

3. Defendant is a Foreign Profit Corporation authorized to conduct business in the State of Florida, where Plaintiff worked for Defendant.

4. Venue is proper because Defendant has its principle place of business within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5.   Plaintiff is a Black female over fifty years of age who worked for Defendant as a Litigation Specialist-Adjuster 2 in the Jacksonville office from on or about August 7th, 2017 until on or about January 24th, 2020 when Terra Wilkerson terminated me.

6.   Plaintiff complained several times to the owner Mr. Brassfield about the discriminatory treatment and harassment that Plaintiff was subject to because of her race and age.

7.   When Plaintiff complained he said there is nothing he could do.

8.   Due to her age and race, Plaintiff was overloaded with work and constantly critiqued.

9.   Since the beginning of her employment with company, Michael Young (White-American) would often scream at Plaintiff, make harassing comments to her, and tell her that he was disgusted by her happy attitude.

10. Lisa Brown (White-American), would also constantly harass Plaintiff and attack her work.

11. On a particular occasion, Plaintiff timely submitted to Ms. Brown an absence request form because Plaintiff was scheduled to have surgery on or about November 18, 2018.

12. However, Ms. Brown failed to submit the form to her director, which would have subjected Plaintiff to discipline, reprimand, and possible termination due to an unapproved, unexcused, absence.

13. Upon realizing this, Plaintiff had to personally submit her absence request to another director.

14. Additionally, Rhonda Jefferson constantly yelled at Plaintiff, targeted and embarrassed her, and tried to get Plaintiff fired.

15. She would reprimand Plaintiff and write Plaintiff up for things that she had previously approved.

16. Other White-American employees that were similarly situated were not assigned as much work, were not constantly critiqued, ridiculed, and harassed like Plaintiff was. Other White-American employees were treated in a more favorable manner.

17. For example, most promotions were given to White-American employees between the ages of 20 to 30 years old.

18. Although Plaintiff requested several promotions, genuinely believing it was well-deserved, Plaintiff was constantly denied.

19. Throughout her employment, the company terminated about 20 African-American employees without any explanation.

20. Plaintiff complained to the owner over six times about the company's discriminatory treatment, but nothing was ever done to address the issues.

21. On or about January 7, 2020, because Plaintiff could no longer tolerate the company's discriminatory conduct towards Plaintiff and because Plaintiff felt that she had no other alternative, Plaintiff submitted a resignation letter letting company know that her last day will be on or about March 13th, 2020.

22. Terra Wilkerson, the office manager for Pacesetter, notified Plaintiff via e-mail on or about January 10th, 2020 that Defendant will be terminating Plaintiff on or about January 24th, 2020.

23. Plaintiff felt that this response was in retaliation for her complaints of discrimination and harassment, and because Plaintiff was part of a class action lawsuit alleging wage violations against company, started by a group of her coworkers.

24. Since the commencement of the wage lawsuit, the owner started to treat the members of the class action lawsuit in an adverse manner, creating a tense and hostile work environment.

25. Any reason proffered by Defendant for Plaintiff's termination is mere pretext for unlawful discrimination. Throughout her employment Plaintiff was able to perform the essential functions of her job duties and responsibilities, and at all relevant times he did perform her job at satisfactory or above-satisfactory levels.

26. Plaintiff, on or about October 7, 2020, timely filed a Charge of Discrimination alleging discrimination on the basis of race and age, and retaliation, with the Equal Employment Opportunity Commission, and the Florida Commission on Human Relations pursuant to work-sharing agreement between those agencies.

27. No investigating agency made a determination within 180 days after Plaintiff filed the initial charge of discrimination.

## COUNT I
### *Race Discrimination in Violation of the FCRA*

28. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-27 above as if set out in full herein.

29. Plaintiff is a member of a protected class under the FCRA.

30. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

31. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is white hispanic.

32. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's race was unlawful but acted in reckless disregard of the law.

33. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's

employment with the Defendant.

34. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

35. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

36. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under the law.

37. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to the law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

38. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    e.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

    f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT II**</u>
*Age Discrimination in Violation of the FCRA*

39. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-27 above as if set out in full herein.

40. Plaintiff is a member of a protected class under the FCRA.

41. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to age-based animosity.

42. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over 40.

43. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

44. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

45. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

46. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights,

has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

47. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under the law.

48. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to the law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

49. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

    a.  Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    e.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Retaliation in Violation of the FCRA*

50. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-27 of this complaint as if set out in full herein.

51. By the conduct describe above, Defendant retaliated against Plaintiffs for exercising rights protected under the FCRA.

52. Defendant's conduct complained of herein was willful and in disregard of Plaintiffs' protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

53. As a result of Defendant's actions, as alleged herein, Plaintiffs have been deprived of rights, have been exposed to ridicule and embarrassment, and they have suffered emotional distress and damage.

54. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiffs, deprived Plaintiffs of statutory rights under federal law.

55. The actions of Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to Plaintiffs' statutorily protected rights, thus entitling Plaintiffs to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

56. Plaintiffs have suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendants:

a.  Adjudge and decree that Defendants have violated FCRA, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b.  Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c.  Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f.  Grant such additional relief as the Court deems just and proper.

<u>**COUNT IV**</u>
*FLSA Retaliation*

57. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 27 of this complaint as if set out in full herein.

58. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

59. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

60. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaints regarding unpaid wages.

61. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated September 22, 2021                     Respectfully submitted,

/s/ Jason S. Remer
**Jason S. Remer, Esq.**
Florida Bar No.: 165580
jremer@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

YULANDER MCTIER,

      Plaintiff,

vs.                         Case No.: 2021-022263-CA-01

PACESETTER CLAIMS SERVICE INC.,
a Foreign Profit Corporation,

      Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**TO:**    PACESETTER CLAIMS SERVICE INC. through their REGISTERED AGENT:

           REGISTERED AGENT SOLUTIONS, INC.
           155 OFFICE PLAZA DRIVE
           SUITE A
           TALLAHASSEE, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

           JASON S. REMER, ESQ.
           REMER & GEORGES-PIERRE, PLLC
           44 WEST FLAGLER STREET
           SUITE 2200
           MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                  DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

YULANDER MCTIER,

      Plaintiff,

vs.                            Case No.: 2021-022263-CA-01

PACESETTER CLAIMS SERVICE INC.,
a Foreign Profit Corporation,

      Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**TO:**    PACESETTER CLAIMS SERVICE INC. through their REGISTERED AGENT:

                REGISTERED AGENT SOLUTIONS, INC.
                155 OFFICE PLAZA DRIVE
                SUITE A
                TALLAHASSEE, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

                JASON S. REMER, ESQ.
                REMER & GEORGES-PIERRE, PLLC
                44 WEST FLAGLER STREET
                SUITE 2200
                MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts

                     10/4/2021
_____
CLERK                    DATE

**217043**
_____
(BY) DEPUTY CLERK

## <u>RETURN OF SERVICE</u>

**State of Florida**          **County of MIAMI DADE**          **Circuit Court**

Case Number: 2021-022263-CA-01

Plaintiff:
**YULANDER MCTIER**

vs.

Defendant:
**PACESETTER CLAIMS SERVICES, INC  A FOREIGN PROFIT CORPORATION**

For:
JASON REMER

Received by Due Process Global LLC on the 11th day of October, 2021 at 1:56 pm to be served on **PACESETTER CLAIMS SERVICE INC. THROUGH THEIR REGISTERED AGENT REGISTERED AGENT SOLUTIONS, INC., 155 OFFICE PLAZA DRIVE, SUITE A, TALLAHASSEE, FL 32301.**

I, William J. Lord, do hereby affirm that on the **12th day of October, 2021** at **11:13 am, I:**

served a **CORPORATION** by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **Mary Kate Duncan** as **Registered Agent Clerk** for **PACESETTER CLAIMS SERVICE INC. THROUGH THEIR REGISTERED AGENT**, at the address of: **155 Office Plaza Drive, Tallahassee, FL 32301**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalties of perjury, I declare that I have read the foregoing document and the facts stated in it are true. No Notary required pursuant to F.S.92.525(2)

**William J. Lord**
**#067**

**Due Process Global LLC**
**P.O. Box 612576**
**Miami, FL 33261**

Our Job Serial Number: ROD-2021000483

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2c

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

YULANDER MCTIER,

      Plaintiff,                                          Case No. 2021-022263-CA-01

v.

PACESETTER CLAIMS SERVICES, INC.,

      Defendant.

_____/

## NOTICE OF APPEARANCE AS COUNSEL

      PLEASE TAKE NOTICE that the undersigned counsel, Daniel H. Hunt, Esq., hereby

files this Notice of Appearance as counsel on behalf of the Plaintiff in the above-styled cause.

The undersigned associate counsel requests that copies of all pleadings, notices, correspondence,

and communications of any type, be furnished to him in accordance therewith.

Dated: October 18, 2021

                                      Respectfully submitted,

                                      ___/S/ Daniel H. Hunt___

                                      **REMER & GEORGES-PIERRE, PLLC**
                                      Jason S. Remer, Esq.
                                        Florida Bar No. 0165580
                                        jremer@rgpattorneys.com
                                        Daniel H. Hunt, Esq.
                                        Florida Bar No. 121247
                                        dhunt@rgpattorneys.com
                                        Courthouse Tower
                                        44 West Flagler Street, Suite 2200
                                        Miami, FL 33130
                                        Tel: (305) 416-5000
                                        Fax: (305) 416-5005

                                        Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 18, 2021 the undersigned counsel has electronically filed the foregoing document with the Clerk of Court using the Florida Courts E-filing Portal. I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties, either via electronic transmission of Notices generated by the Florida Courts E-filing Portal or in some other authorized manner for those counsel or parties who are not authorized to receive such Notices.

By: */s/ Daniel H. Hunt, Esq.*
Daniel H. Hunt, Esq.
Florida Bar No. 121247

## **SERVICE LIST**

**REMER & GEORGES-PIERRE, PLLC**
Jason S. Remer, Esq.
Florida Bar No. 0165580
jremer@rgpattorneys.com
Courthouse Tower
44 West Flagler Street, Suite 2200
Miami, FL 33130
Tel: (305) 416-5000
Fax: (305) 416-5005

Counsel for Defendant